# GEORGE B. ANDERSON
## v.
# FRANKLIN HENDERSON.

*Drainage—Dominant and Servient Estates—Evidence—Conflict—Injunction.*

This court declines to disturb a decree enjoining the defendant from opening a ditch to flow surface water upon complainant's premises, the evidence being conflicting and there being sufficient to support the decree.

[Opinion filed May 24, 1887.]

IN ERROR to the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. W. B. CARLOCK, for plaintiff in error.

Mr. FRANK R. HENDERSON, for defendant in error.

*Per Curiam.* Anderson is tenant for life of the southwest quarter and Henderson owner in fee of the southeast quarter of section 6 in the Town of Towanda. The south part of each is low and marshy. Henderson claimed that parallel with their dividing line and about 600 feet distant, in the Anderson tract, is a ridge which, though slight, is sufficient to prevent the water west of it from flowing east on him, unless the natural outlet southwest is obstructed or the amount collected very unusually heavy. Anderson claims that this water naturally flows both southwest and southeast, and that there is no such divide across the slough on his land, and to drain it, cut a ditch from a point west of the alleged line of elevation to Henderson's. Henderson dammed it on what he claims is the divide, Anderson proceeded to re-open it and Henderson filed the bill herein to enjoin him. On final hearing the injunction was made perpetual and Anderson brings the record here on a writ of error.

The controversy hinges on the question of fact whether there is such a divide in the natural condition of the land, on which many witnesses—surveyors, highway commissioners, old residents of the neighborhood and others, were examined. It would require a large space and yet serve no useful purpose to discuss the evidence here. Although it is contradictory as to the existence of the divide to the natural course of the surface water from the land west of where it is claimed to be, there is certainly a very large amount, if not a decided preponderance, in support of the allegation of the bill. And if it be true there is no case for the application of the rule declared in Peck v. Herrington, 109 Ill. 611, Commissioners of Highways v. Whitesitt, 15 Ill. App. 318, and Wagner v. Chancy, 19 Ill. App. 546. There is no natural course for the water in question on Anderson's land to Henderson's, and his is not in its natural condition the dominant estate. Perceiving no error in the record that should reverse the decree it will be affirmed.

*Decree affirmed.*